John LITTLE, Relator,

v.

**GREYHOUND LINES WEST and Department of Economic Security, Respondents.**

No. C1–85–236.

Court of Appeals of Minnesota.

May 28, 1985.

John Little, pro se.

Greyhound Lines West, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent Dept. of Economic Sec.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Relator John W. Little seeks review of the determination of the Commissioner of Economic Security that he was ineligible to receive unemployment compensation benefits for failure to make a claim for benefits pursuant to Minn.Stat. § 268.08, subd. 1.

We affirm.

## FACTS

Respondent Greyhound Lines West employed relator Little as a mechanic for approximately 37 years until November 11, 1983 when relator went on strike with his union. Relator filed a claim for unemployment compensation benefits effective November 6, 1983.

Relator obtained a temporary position with another employer and worked from November 11, 1983 through December 14, 1983. He returned to work with the bus company in late December, 1983 and retired from his job on June 1, 1984.

On September 5, 1984, relator returned to the Department area office for the purpose of claiming unemployment compensation benefits for the period that he did not work during November and December of 1983. The Department reopened his claim for benefits effective September, 1984. Relator was held ineligible for the period of November 6, 1983 through September 1, 1984 because he had not filed continued claim reports during that period.

Relator appealed that decision to a Department referee who, after hearing relator's testimony, affirmed the disqualification. The Commissioner affirmed the referee.

## ISSUE

May an otherwise eligible claimant receive unemployment compensation benefits when he fails to file continued claim reports for the period he is unemployed?

## ANALYSIS

The Minnesota Employment Services Law provides that an individual is eligible to receive benefits only if the Commissioner finds that the individual "has made a claim for benefits in accordance with rules as the commissioner may adopt." Minn. Stat. § 268.08, subd. 1(2) (Supp.1983).

Minn.R. 3305.1100 provides that a claimant must report in person to an unemployment office to file an initial claim. Subpart 7 of that rule requires a claimant to certify that he has completed additional weeks of unemployment. Subpart 9 provides that an individual may file a late continued claim only for good cause.

Here, relator made no continued claim until he reopened his claim on September 5, 1984. The Commissioner proper-

ly disqualified relator from benefits for the period during which he failed to file a claim. In the memorandum accompanying her decision, the Commissioner noted that the Department "has determined that payment is due individuals who have been dissuaded from filing claims and continued claims by information supplied by Department personnel." In his testimony before the Department referee, relator stated that he failed to file claims because he was expecting the strike to settle to permit him to return to work.

■ On appeal, relator argues that he did not pursue his claim because he relied on representations made by Department employees to other Greyhound Line employees. This claim is deficient in a number of respects. No evidence in the record shows relator's claim of reliance. Even were that claim supported in the record, it is insufficient to support the appeal. Relator does not argue that he was personally instructed by Department employees to not file claims. The overhearing of unsubstantiated rumors spread by other employees is insufficient to excuse a claimant from properly filing continued claims for unemployment compensation benefits and is not good cause for filing a late claim.

### DECISION

Relator John W. Little was properly disqualified from the receipt of unemployment compensation benefits for failure to file continued claims for benefits as required by Minn.Stat. § 268.08, subd. 1.

Affirmed.